UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

Major Wire Industries, Ltd.,

      Plaintiff,

     vs.

James Siler and
Durex Products, Inc.,

      Defendants.

Case No. 3:19cv185

## **Complaint**

For its complaint against defendants James Siler ("Siler") and Durex Products, Inc. ("Durex"), plaintiff Major Wire Industries, Ltd. ("Major Wire") states as follows:

### **Nature of the Action**

1.    This is an action for breach of contract, promissory estoppel, tortious interference with contract, trade secret misappropriation, tortious interference with business relationships, conversion, unjust enrichment and civil conspiracy.

2.    Major Wire and Durex are direct competitors in the market for screening media, including woven wire screens, vibrating screes, and related products. Siler is a former long-time, senior-level Major Wire employee who recently began working for Durex.

3.    While working for Major Wire for thirteen years in senior-level positions, Siler acquired confidential and proprietary information relating to nearly every facet of Major Wire's business, both domestically and internationally.

4.    As a condition of his employment with Major Wire, Siler executed a written Confidentiality and Non-Competition Agreement that protects Major Wire and its business interests, both during and after his employment with Major Wire.

5.      Shortly after his employment with Major Wire concluded, Siler began working for Durex in a similar role and capacity.

6.      Upon learning of his employment with Durex, Major Wire sent letters to Siler and Durex that identified and confirmed Siler's continuing obligations to Major Wire.

7.      Recently, Major Wire learned that, despite Siler's written agreement with Major Wire and Durex's knowledge of that agreement, Siler has disclosed, and Siler and Durex are using, Major Wire's confidential and proprietary information to unfairly and improperly compete with Major Wire.

8.      Major Wire accordingly seeks injunctive relief to compel Siler to specifically perform his contractual obligations and to preclude Siler and Durex from misappropriating Major Wire's trade secrets and interfering with its contracts and business relationships. Major Wire further seeks an award of damages sufficient to fully compensate it and to punish Siler and Durex for their conduct as alleged herein.

## The Parties

9.      Major Wire is a corporation duly organized and existing under the laws of Canada with a principal place of business in Candiac, Quebec, Canada.

10.     Upon information and belief, Siler is an Indiana resident residing in Scottsburg, Indiana.

11.     Upon information and belief, Durex is a corporation duly organized and existing under the laws of Wisconsin with a principal place of business in Luck, Wisconsin.

## Jurisdiction and Venue

12.     This Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1836(c) and 28 U.S.C. § 1331 because Major Wire asserts a claim for misappropriation of trade secrets

under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* This Court has supplemental jurisdiction over Major Wire's remaining claims pursuant to 38 U.S.C. § 1367.

13. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

14. This Court has personal jurisdiction over Siler because he resides, is a citizen of, and does business in Indiana and because he has caused injury to Major Wire in Indiana by and through his actions as alleged herein.

15. This Court has personal jurisdiction over Durex because Durex has continuous and systemic business contacts with Indiana during all relevant times, including by doing business in Indiana, by employing one or more persons in Indiana, and by offering, distributing and selling goods and materials in Indiana. Moreover, Durex has caused injury to Major Wire in Indiana by and through the actions of its employee Siler occurring in Indiana as alleged herein.

16. Venue is proper under 28 U.S.C. § 1391(b)(3) because each defendant is subject to the Court's personal jurisdiction with respect to this action.

**Statement of Facts**

**A.**     **Major Wire and its Business**

17. Major Wire is a global manufacturer and distributor of high-performance screening media, including woven wire screens, high-vibration wire screens, and related products.

18. Major Wire designs, produces, manufactures, and markets a wide array of innovative products, including the world's most advanced screening media, and provides

related services to a variety of industries, including the aggregate, mining, construction-demolition, recycling, asphalt, slag, green waste, topsoil, and fertilizer markets.

19.     Major Wire developed and has commercialized an industry-leading line of high-vibration wire screens under its FLEX-MAT® brand, which it markets as the world's most advanced screening media.

20.     Major Wire's FLEX-MAT® high-vibration wire technology is used for screening a high volume of material to separate coarse material from fine material. This technology provides for a substantially faster stratification process, longer equipment wear life, and reduced downtime relative to competing equipment, while allowing its customers to increase throughput of screened material.

21.     Major Wire has also developed and has commercialized an industry-leading line of wires for use with its high-vibration wire screen products under its OptimumWire® brand. Major Wire developed proprietary manufacturing methods for creating its wire products sold under the OptimumWire® brand that result in improved hardness, tensile strength, and ductility over competing products in the market.

22.     Major Wire's valuable technology in the field of high-performance screening media includes its proprietary manufacturing equipment and processes, suppliers, raw materials, material compositions, and other technology and information, including but not limited to with respect to products and services offered under its FLEX-MAT® and OptimumWire® brands, that afford it significant advantages over its competitors.

**B.     Major Wire Employs Siler**

23.     In or about May 2006, Major Wire hired Siler as its Territory Manager for the Western USA territory. Siler subsequently held multiple, and increasingly more senior,

positions with Major Wire, including: Dealer Development Manager; U.S. Sales Director; Sales Director, North America; VP of Sales for North America; and International Mining Vice President.

24.    As a condition of his employment, Mr. Siler executed a Confidentiality and Non-Competition Agreement with Major Wire dated May 22, 2006, a true and accurate copy of which is attached hereto and incorporated herein as Exhibit A (the "Confidentiality and Non-Competition Agreement").

25.    Throughout his tenure with Major Wire, Siler's responsibilities included promoting Major Wire's products, developing and maintaining dealer, distributor and customer relationships, and identifying and qualifying new business opportunities.

26.    Among other things, Siler developed and worked closely with Major Wire's dealer network in California, Oregon, Washington, Arizona, New Mexico, Colorado, Nevada, Wyoming, Montana, Utah, Idaho, and Kentucky.

27.    Most recently, Siler was responsible for heading the development and maintenance of key accounts worldwide for the mining market, including with respect to Major Wire's Flex-Mat® and OptimumWire® product lines.

28.    While working for Major Wire, Siler had access to, and possession of, and he regularly accessed, possessed and used, highly confidential and proprietary information relating to nearly every facet of Major Wire's domestic and international business.

29.    The confidential and proprietary information to which Siler had access to and possession of included, but was not limited to: existing and planned product offerings; financial, sales and pricing data; forecasts; marketing plans and materials; dealer, distributor and customer information, including contract terms, key contacts and preferences; sales data

and records, including customer names, frequency, quantity, pricing and quotes; technical information; research and development; capabilities of employees, dealers and distributors; and other competitively-sensitive information relating to Major Wire and its business, products, dealers, distributors and customers.

30.     Major Wire's confidential and proprietary information is not publicly known, has been generated and cultivated by Major Wire over many years at great expense, and gives Major Wire a substantial advantage over its competitors. Major Wire's confidential and proprietary information thus derives independent economic value, both actual and potential, from not being generally known to, and not being readily ascertainable by, other persons who can obtain economic value from its disclosure or use.

31.     Major Wire's confidential and proprietary information has been, and continues to be, the subject of efforts by Major Wire that are reasonable under the circumstances to maintain their secrecy.

32.     Major Wire's efforts to maintain the secrecy of its confidential and proprietary information include, but are not limited to, advising employees that the information is confidential and proprietary, requiring employees and third-parties to sign confidentiality and non-disclosure agreements, limiting internal access to confidential and proprietary information on a need-to-know basis, restricting access to its facilities through key badge and alarm systems, requiring employees to use passwords and other data security measures, and restricting access to proprietary information only to material employees.

**C.     Siler Leaves Major Wire and Joins Durex**

33.     Siler's employment with Major Wire ended on May 23, 2019.

34.     Upon information and belief, Durex contacted Siler about coming to work for it before Siler's employment with Major Wire ended.

35.     Upon information and belief, Durex hired or otherwise retained Siler as a vice president in or around July 2019.

36.     Durex's business includes fabricating, assembling and finishing woven wire screens, synthetic screens and other related screen media products in the United States, and Major Wire and Durex compete directly on a world-wide basis.

37.     Upon information and belief, Durex hired Siler, at least in part, to gain access to, and to use and benefit from, his deep knowledge and possession of Major Wire's confidential and proprietary information.

38.     Upon information and belief, Durex also hired Siler, at least in part, to help expand its dealer network in states where it did not have dealers at that time, including in California, Oregon, Washington, Arizona, New Mexico, Colorado, Nevada, Wyoming, Montana, Utah, Idaho and Kentucky.

39.     Upon learning that Siler was working for Durex, Major Wire reminded him of his duties and obligations under his Confidentiality and Non-Competition Agreement in writing on July 16, 2019. A true and accurate copy of Major Wire's July 16, 2019 letter to Mr. Siler, with proof of delivery, is attached hereto and incorporated herein as Exhibit B.

40.     Also on July 16, 2019, Major Wire notified Durex in writing that Siler remains bound by his duties and obligations under the Confidentiality and Non-Competition Agreement. A true and accurate copy of Major Wire's July 16, 2019 letter to Durex, with proof of delivery, is attached hereto and incorporated herein as Exhibit C.

41.    Despite actually receiving Major Wire's July 16, 2019 letters, neither Siler nor Durex acknowledged or responded to Major Wire.

42.    Siler has disclosed and used Major Wire's confidential and proprietary information in breach of his ongoing duties and obligations under the Confidentiality and Non-Competition Agreement.

43.    Durex has acquired Major Wire's confidential and proprietary information from Siler and used that information to unfairly and improperly compete with Major Wire.

44.    Upon information and belief, Siler has used Major Wire's confidential and proprietary information to contact and solicit business from Major Wire's dealers and customers after he was hired by Durex to solicit business on Durex's behalf.

45.    As one example, Siler and Durex contacted Nepean Rubber & Plastics ("Nepean") to solicit business using Major Wire's confidential and proprietary information shortly after Siler was hired by Durex.

46.    Nepean is a long-standing dealer and distributor of Major Wire's products in Australia with which Major Wire has a significant business relationship.

47.    In 2011, Nepean entered into a Certified Finishing Facility Agreement with Major Wire (the "Nepean Agreement"), under which it agreed to serve as a "cut & hook" or "finishing" facility for Major Wire. Under that agreement, Major Wire provided substantial knowhow and trade secret information to Nepean. In exchange, Nepean agreed, among other things, to maintain that information as confidential and to represent Major Wire exclusively with respect to all Major Wire product lines.

48.    Siler acquired significant confidential and proprietary information relating to Major Wire's relationship and dealings with Nepean while employed by Major Wire,

including but not limited to key contact names and contact information, customer preferences, product needs, historical purchase volumes and pricing, shipping costs and delivery time, payment terms, and the existence and terms of the Nepean Agreement.

49.     On August 13, 2019, Major Wire received an email from one of its primary contacts at Nepean that he addressed to Siler at his former Major Wire email address.

50.     In his August 13, 2019 email, Major Wire's contact referenced discussions between Nepean and Durex regarding Durex's recent offer to sell substitute products to Nepean at a fifteen percent discount. The August 13, 2019 email includes prior email correspondence from Durex to Nepean on which Siler was copied.

51.     Upon information and belief, Siler and Durex solicited Nepean and offered a discount off of its regular prices, at least in part, to confidential and proprietary information known by Siler regarding Major Wire's prior relationship and dealings with Nepean.

**Count One**
*Breach of Contract – Siler*

52.     Major Wire incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

53.     The Confidentiality and Non-Competition Agreement constitutes a valid and binding contract between Siler and Major Wire.

54.     Major Wire has performed all of its obligations under the Confidentiality and Non-Competition Agreement.

55.     Siler materially breached the Confidentiality and Non-Competition Agreement by, among other things, disclosing and using Major Wire's confidential and proprietary information after his employment with Major Wire ended.

{8276009:2 }

56.     As a direct and proximate result of Siler' material breaches of the Confidentiality and Non-Competition Agreement, Major Wire has suffered, and will continue to suffer, damages in an amount to be proven at trial.

57.     Moreover, Major Wire has suffered irreparable harm for which there is no adequate remedy at law, and Major Wire will continue to suffer such harm unless this Court orders Siler to specifically perform his contractual duties and obligations under the Confidentiality and Non-Competition Agreement.

### Count Two
*Promissory Estoppel – Siler*

58.     Major Wire incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

59.     Among other things, Siler promised to not disclose or use Major Wire's confidential and proprietary information for his own benefit or the benefit of another.

60.     When Siler made his promises to Major Wire, he expected to induce Major Wire's action or forbearance based on his promises, and Major Wire reasonably relied on Siler' promises to his detriment.

61.     Siler' promises are binding because injustice to Major Wire only can be avoided by enforcement of his promises.

62.     Since making them, Siler has broken his promises as alleged herein. As a direct and proximate result, Major Wire has suffered, and will continue to suffer, damages in an amount to be proven at trial.

63.     Moreover, Major Wire has suffered irreparable harm for which there is no adequate remedy at law, and Major Wire will continue to suffer such harm unless this Court orders Siler to specifically honor his promises to Major Wire.

**Count Three**

*Tortious Interference with Siler Contract with Major Wire – Durex*

64.     Major Wire incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

65.     The Confidentiality and Non-Competition Agreement constitutes a valid and binding contract between Siler and Major Wire.

66.     Durex has, and at all relevant times has had, knowledge of the existence of the Confidentiality and Non-Competition Agreement between Siler and Major Wire.

67.     By, among other things, hiring Siler to gain access to, and to use and benefit from Siler' deep knowledge and possession of Major Wire's confidential and proprietary information and by having and allowing him to continue engaging in conduct on its behalf that constitutes a breach of the Confidentiality and Non-Competition after receiving actual notice thereof from Major Wire, Durex has knowingly and intentionally induced Siler to breach the Confidentiality and Non-Competition Agreement.

68.     Durex's conduct with respect to Siler' agreement with Major Wire has been unfair and unreasonable under the circumstances and lacks a legitimate business reason.

69.     Durex knowingly, willfully, intentionally, maliciously and exclusively interfered with Major Wire's agreement with Siler for the illegitimate purpose of obtaining an unfair and unjustified advantage over, and to competitively injure and damage, Major Wire. Accordingly, Durex's interference with the contract between Major Wire and Siler is without justification.

70.     As a direct and proximate result of Durex's tortious interference with Major Wire's contract with Siler, Major Wire has suffered, and will continue to suffer, damages in an amount to be proven at trial.

71.     Moreover, Major Wire has suffered irreparable harm for which there is no adequate remedy at law, and Major Wire will continue to suffer such harm unless this Court enjoins Durex from further tortiously interfering with Major Wire's contract with Siler.

### Count Four
*Trade Secret Misappropriation, 18 U.S.C. § 1836 et seq. – Siler*

72.     Major Wire incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

73.     The confidential and proprietary information to which Siler had access to and possession of while employed by Major Wire constitutes a trade secret within the meaning of 18 U.S.C. § 1839(3).

74.     Major Wire's confidential and proprietary information relates to Major Wire's products that it sells in interstate commerce and that are used in, or intended for use in, interstate commerce.

75.     Siler acquired knowledge of Major Wire's confidential and proprietary information in confidence, subject to the Confidentiality and Non-Competition Agreement.

76.     Slier misappropriated, and continues to misappropriate, Major Wire's confidential and proprietary information by, among other acts and omissions, engaging in the conduct alleged herein.

77.     Siler has disclosed and used Major Wire's confidential and proprietary information without Major Wire's express or implied consent.

78.     At the time of his disclosure and use of Major Wire's confidential and proprietary information, Siler has known or had reason to know that his knowledge of that information was acquired under circumstances giving rise to a duty to maintain the secrecy of that information and to limit its use.

79.     Due to the confidential and proprietary information that Siler possesses, the nature of his duties and responsibilities with Durex, and the information he already has disclosed and used, a substantial threat exists that Siler will continue misappropriating Major Wire's trade secrets.

80.     As a direct and proximate result of the foregoing, Major Wire has suffered, and will continue to suffer, damages in an amount to be proven at trial.

81.     Moreover, Major Wire has suffered irreparable harm for which there is no adequate remedy at law, and Major Wire will continue to suffer such harm unless this Court enjoins Siler from further misappropriating Major Wire's trade secrets.

### Count Five
*Trade Secret Misappropriation, 18 U.S.C. § 1836 et seq. – Durex*

82.     Major Wire incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

83.     Durex misappropriated, and continues to misappropriate, Major Wire's confidential and proprietary information by, among other acts and omissions, engaging in the conduct alleged herein.

84.     Durex acquired Major Wire's confidential and proprietary information from Siler while knowing or having reason to know that it was acquiring that information through improper means.

85.     The improper means by which Durex acquired Major Wire's confidential and proprietary information include inducing Siler to breach, and Siler' breach of, his duty to maintain the secrecy of Major Wire's confidential and proprietary information.

86.     Durex has used Major Wire's confidential and proprietary information without Major Wire's express or implied consent.

87.     At the time of its use of Major Wire's confidential and proprietary information, Durex has known or had reason to know that its knowledge of that information was derived through Siler and that Siler owes Major Wire a duty to maintain the secrecy of that information to limit its use.

88.     Due to the confidential and proprietary information that Siler possesses, the nature of his duties and responsibilities with Durex, and the information he already has disclosed to and used on behalf of Durex, a substantial threat exists that Durex will continue misappropriating Major Wire's trade secrets.

89.     As a direct and proximate result of the foregoing, Major Wire has suffered, and will continue to suffer, damages in an amount to be proven at trial.

90.     Moreover, Major Wire has suffered irreparable harm for which there is no adequate remedy at law, and Major Wire will continue to suffer such harm unless this Court enjoins Durex from further misappropriating Major Wire's trade secrets.

**Count Six**
*Misappropriation of Trade Secrets Under Indiana and Wisconsin Law – Siler and Durex*

91.     Major Wire incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

92.     The confidential and proprietary information to which Siler had access to and possession of while employed by Major Wire constitutes a trade secret within the meaning of the Indiana Uniform Trade Secrets Act and the Wisconsin Uniform Trade Secrets Act.

93.     Siler and Durex misappropriated, and continue to misappropriate, Major Wire's confidential and proprietary information by, among other acts and omissions, engaging in the conduct alleged herein, in violation of Indiana and Wisconsin law.

94.     Due to the confidential and proprietary information that Siler possesses and the nature of his duties and responsibilities with Durex, he inevitably will use or disclose Major Wire's trade secrets in the course of his work for Durex.

95.     Further due to the confidential and proprietary information that Siler possesses, the nature of his duties and responsibilities with Durex, and the information he already has disclosed to and used on behalf of Durex, a substantial exists threat that Siler and Durex will continue misappropriating Major Wire's trade secrets.

96.     As a direct and proximate result of the foregoing, Major Wire has suffered, and will continue to suffer, damages in an amount to be proven at trial.

97.     Moreover, Major Wire has suffered irreparable harm for which there is no adequate remedy at law, and Major Wire will continue to suffer such harm unless this Court enjoins Siler and Durex from further misappropriating Major Wire's trade secrets.

### Count Seven
*Tortious Interference with Business Relationships – Siler and Durex*

98.     Major Wire incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

99.     Major Wire has valid business relationships with dealers, distributors and customers for its products, both current and prospective.

100.    Siler and Durex have actual knowledge of Major Wire's current and prospective business relationships.

101.    By engaging in the conduct alleged herein, Siler and Durex have intentionally interfered with Major Wire's business relationships.

102.    Siler and Durex knowingly, willfully, intentionally, maliciously and exclusively interfered with Major Wire's business relationships for the illegitimate purpose of obtaining

an unfair and unjustified advantage over, and to competitively injure and damage, Major Wire. Accordingly, Siler's and Durex's interference with the contract between Major Wire and Siler is without justification.

103.    As a direct and proximate result of the foregoing, Major Wire has suffered, and will continue to suffer, damages in an amount to be proven at trial.

104.    Moreover, Major Wire has suffered irreparable harm for which there is no adequate remedy at law, and Major Wire will continue to suffer such harm unless this Court enjoins Siler and Durex from further interfering with Major Wire's business relationships.

**Count Eight**
*Unfair Competition – Siler and Durex*

105.    Major Wire incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

106.    By engaging in the conduct alleged herein, including breach of contract, trade secret misappropriation and tortious interference, Siler and Durex have unfairly competed with Major Wire.

107.    Siler and Durex engaged in the conduct alleged herein in bad faith for the primary purpose of destroying Major Wire's business and benefiting themselves.

108.    As a direct and proximate result of the foregoing, Major Wire has suffered, and will continue to suffer, damages in an amount to be proven at trial.

109.    Moreover, Major Wire has suffered irreparable harm for which there is no adequate remedy at law, and Major Wire will continue to suffer such harm unless this Court enjoins Siler and Durex from further competing unfairly with Major Wire.

**Count Nine**
*Conversion – Siler*

110.   Major Wire incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

111.   Upon information and belief, Siler has intentionally appropriated, controlled, taken and exercised dominion over property belonging to Major Wire for his own use and benefit, including Major Wire's confidential and proprietary information and tangible embodiments thereof.

112.   Major Wire has an immediate, unqualified right to possess and control its property, and Siler's continued possession and control over Major Wire's property has been without Major Wire's consent.

113.   By intentionally controlling and taking property belonging to Major Wire for his own use and benefit, Siler has excluded, defied and seriously interfered with Major Wire's right to lawful possession of its property.

114.   As a direct and proximate result of the foregoing, Major Wire has suffered, and will continue to suffer, damages in an amount to be proven at trial.

115.   Moreover, Major Wire has suffered irreparable harm for which there is no adequate remedy at law, and Major Wire will continue to suffer such harm unless this Court enjoins Siler and orders replevin of Major Wire's property.

**Count Ten**
*Unjust Enrichment and Constructive Trust – Siler and Durex*

116.   Major Wire incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

117.    Major Wire has, at all relevant times, been the owner of its confidential and proprietary information.

118.    Major Wire conferred a measureable benefit on Siler by, among other things, providing access to Major Wire's confidential and proprietary information under the Confidentiality and Non-Competition Agreement, which Siler then disclosed to Durex.

119.    Siler and Durex are aware of the benefits conferred upon them.

120.    By engaging in the conduct alleged herein, Siler and Durex have, without justification, retained and exploited the benefits conferred upon Siler and Durex, through Siler, by Major Wire to which they are not entitled and that rightly belongs to Major Wire.

121.    Under the circumstances, it would be unfair, unjust and unconscionable for Siler and Durex to retain the benefit conferred upon them without payment. Siler and Durex thus have been unjustly enriched and Major Wire is entitled to recover its interest in all property and other value obtained and retained by Siler and Durex.

122.    A constructive trust and an accounting is necessary to prevent Siler and Durex from unfairly, unjustly and unconscionably profiting from their improper conduct.

123.    Alternatively or additionally, Siler and Durex should be ordered to pay restitution to Major Wire for their unjust enrichment in an amount to be proven at trial.

**Count Eleven**
*Civil Conspiracy – Siler and Durex*

124.    Major Wire incorporates by reference all allegations in all preceding and subsequent paragraphs of this Complaint as if fully rewritten herein.

125.    Upon information and belief, Siler and Durex have worked together, pursuant to a meeting of their minds, with the unlawful purpose and objective of harming Major

Wire by misappropriating Major Wire's trade secrets, interfering with Major Wire's relationships, and converting Major Wire's property.

126.    In the course of their conspiracy, Siler and Durex engaged in unlawful acts, including the wrongful acts alleged herein.

127.    Siler and Durex have worked together with the specific intent to harm Major Wire., and their joint conduct and concerted action has caused injury to Major Wire.

128.    Siler and Durex have participated in a civil conspiracy against Major Wire, which renders each of them liable as if each had committed all of the wrongful acts and omissions himself, in the case of Siler, and itself, in the case of Durex.

129.    As a direct and proximate result of the foregoing, Major Wire has suffered, and will continue to suffer, damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Major Wire prays for entry of judgment in its favor and against Siler and Durex, jointly and severally, as follows:

(A)    A preliminary and permanent injunction restraining Siler and Durex, their officers, agents, servants, employees, attorneys, and those persons acting in concert with either or both of them from:

(1)    retaining, disclosing or in any way using any of Major Wire's confidential and proprietary information in any form; and,

(2)    interfering with any of Major Wire's contracts or business relationships, both current and prospective.

(B)    An order compelling Siler to (i) specifically perform all of his duties and obligations under the Confidentiality and Non-Disclosure Agreement, with all time periods

under that agreement being tolled during the beginning on the date of Siler' first breach of that agreement, and (2) honor his promise to not disclose or use Major Wire's confidential and proprietary information for his own benefit or for the benefit of another.

(C)     An order compelling Siler and Durex to immediately return all Major Wire property within either or both of their possession, custody or control.

(D)     An award of compensatory damages in an amount to be determined at trial, but in excess of $75,000.

(E)     An accounting and disgorgement of each defendant's ill-gotten profits.

(F)     A constructive trust in favor of Major Wire on all property and other value obtained and retained by Siler and Durex.

(G)     An award of exemplary and punitive damages, including but not limited to under Indiana Code 34-4-30-1.

(H)     An award of Major Wire's attorneys' fees, including but not limited to under Indiana Code 34-4-30-1.

(I)     An award of pre-judgment and post-judgment interest.

(J)     An award of the costs of this action, including but not limited to under Indiana Code 34-4-30-1.

(K)     Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

Respectfully submitted,

Dated: September 4, 2019

s/ David T. Movius
David T. Movius
 dmovius@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474

*Attorney for Major Wire Industries, Ltd.*

**<u>Jury Demand</u>**

Plaintiff Major Wire Industries, Ltd. hereby demands a jury trial on all matters triable thereby.


Dated: September 4, 2019

                                      s/ David T. Movius
                                      David T. Movius
                                       *dmovius@mcdonaldhopkins.com*
                                      MCDONALD HOPKINS LLC
                                      600 Superior Avenue, E., Suite 2100
                                      Cleveland, Ohio 44114
                                      t 216.348.5400 | f 216.348.5474

                                      *Attorney for Major Wire Industries, Ltd.*